# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COR CLEARING, LLC, a Delaware limited liability company, | ) Case No. 4:16-mc-13 <br> ) <br> ) <br> ) **APPLICANT'S MOTION TO** |
| Applicant, | ) **COMPEL PRODUCTION OF** <br> ) **DOCUMENTS AND THINGS IN** |
| vs. | ) **RESPONSE TO SUBPOENA AND** <br> ) **MEMORANDUM OF LAW IN** |
| INVESTORHUB.COM, INC., a Florida corporation | ) **SUPPORT THEREOF** <br> ) <br> ) <br> ) |
| Respondent. | ) <br> ) |

## APPLICANT'S MOTION TO COMPEL

COMES NOW Applicant COR Clearing, LLC ("COR Clearing") and hereby moves for an order compelling InvestorHub.com, Inc. ("InvestorHub.com") to produce documents and things responsive to COR Clearing's subpoena issued in Case No. 8:15-cv-00317-LES-FGS, pending in the United States District Court for the District of Nebraska, and served on InvestorHub.com or about December 17, 2015. (A copy of the subpoena is attached hereto as **Exhibit B**.) More specifically, COR Clearing seeks an order compelling the identification of, and pertinent account and contact information for, those individuals or entities who posted information on the Calissio Resources Group Inc. ("Calissio" or "CRGP") using the names or alias listed in **Exhibit A** hereto. As explained in more detail below, in

COR Clearing's Memorandum of Law, these individuals have each posted messages indicating that they were unjustly enriched by Calissio's fraudulent scheme. That is, they appear to have received dividends to which they were not entitled, which dividends were wrongfully debited from COR Clearing. Moreover, certain individuals or entities identified in **Exhibit A** appear to have been active promoters of Calissio and its fraudulent scheme. In order to enable COR Clearing to recover at least a portion of the money it lost as a result of Calissio's fraudulent scheme, it is essential that COR Clearing identify those individuals who received the undue windfalls, as Calissio and its former CEO Adam Carter disappeared after their fraud came to light.

## CERTIFICATE OF CONFERENCE

Pursuant to N.D. Fla. Loc. R. 7.1(B), counsel for COR Clearing meaningfully conferred with counsel for InvestorHub.com via telephone and written and email communications about the issues raised herein. As a result of the conference, COR Clearing narrowed the information it sought via its subpoena by agreeing to identify a specific list of posters whose identification it seeks. The parties, however, were not able to reach an agreement as to any poster, and to date InvestorHub.com has not produced any documents in response to the subpoena, nor agreed to produce any documents in response to the subpoena.

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT**

Pursuant to N.D. Fla. Loc. R. 7.1(F), counsel for COR Clearing hereby certifies that the Motion to Compel included herein contains fewer than 500 words, and the Memorandum of Law included herein contains approximately 2,938 words.

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

In a pending lawsuit in the United States District Court for the District of Nebraska, COR Clearing seeks to remedy a harm caused by Defendants Calissio, Adam Carter, and Signature Stock Transfer, Inc. ("Signature"), as well as Doe Defendants who participated in or were unjustly enriched by the fraud.  Because of fraudulent actions undertaken by Calissio and Carter, funds were unlawfully debited from COR Clearing's accounts in order to fund unauthorized, unlawful, and void due bills paid to shareholders of Calissio in connection with the transfer of shares not entitled to dividends and therefore not giving rise to due bills upon transfer.[1]  Because some of those due bills were paid to the individuals whose

---

[1] Where a dividend is announced and a dividend-eligible stock is sold between the record date and the ex-dividend date, the seller is assessed a "due bill" that represents the right of the purchaser to receive the dividend presumably paid to the seller, who was the shareholder on the record date.  The due bill process is utilized because the issuer of the dividend will ordinarily send a dividend payment to the shareholder on its books as of the record date, the last record of ownership

InvestorHub.com user names are identified in **Exhibit A**, InvestorHub.com is in possession of information highly relevant and material to COR Clearing's lawsuit (namely, the actual identity and contact information of persons who were unjustly enriched by the fraudulent scheme).

COR Clearing lawfully issued and served a subpoena on InvestorHub.com in order to discover this highly relevant information, and COR Clearing files this Motion because InvestorHub.com has refused to provide information that would allow COR Clearing to identify the individuals or entities listed in **Exhibit A** who are believed to have received an unjust windfall at COR Clearing's expense. The subpoena further seeks information regarding the identities of certain posters on InvestorHub.com's Calissio message board who appear to have been active promotors of the fraud perpetuated by Calissio.

For the reasons stated more fully below, COR Clearing respectfully requests that the Court grant its Motion, order InvestorHub.com to identify and provide contact and account information for the individuals and entities listed in **Exhibit A**, and grant COR Clearing such other relief as to which COR Clearing is entitled.

---

available to the issuer, rather than to the legal owner of the dividend right: the shareholder as of the ex-dividend date.

## II.     FACTUAL BACKGROUND

### A. The Subpoena Seeks Material Information Relevant To COR Clearing's Lawsuit

The subpoena at issue here (the "Subpoena," attached hereto as **Exhibit B**), seeks highly relevant, critical information relating to COR Clearing's lawsuit against Calissio, Carter, and Signature.  As extensively detailed in COR Clearing's lawsuit and supporting affidavits, attached hereto as **Exhibit C**, COR Clearing was the victim of an extensive fraud perpetuated by Calissio and Carter.  As a result of this fraud, Calissio shareholders received millions of dollars to which they were not entitled.

To execute their fraud, Calissio and Carter took advantage of a weakness in the due bill payment system implemented by Depositary Trust Clearing Corporation ("DTCC").[2]  On September 30, 2010, Calissio issued a large number of shares of Calissio stock at a cost basis of $.01.  On June 1, 2015, Calissio announced that it had scheduled a dividend payment for August 17, 2015; specifically, it announced that on August 17, 2015, a cash dividend of $0.011 per common share of the Company was "to be paid to the holders of the issued and outstanding Common Shares as of the close of business on June 30, 2015."

---

[2] Because of the complexity of the fraud and DTCC's interim accounting procedures, a brief summary is provided in this Motion.  A more complete explanation and description of the fraud may be found in COR Clearing's Original Complaint, and the affidavits of Carlos Salas and David Aronoff, attached hereto as **Exhibit C**.

(Declaration of David Aronoff, attached as **Exhibit C-1**, ¶ 5.)  Those shareholders who owned the stocks as of August 19, 2015, were the ones entitled to this dividend.  (Declaration of Carlos Salas, attached as **Exhibit C-2**, ¶ 17.)

What Calissio failed to disclose in its multiple press releases, however, was that after June 30, 2015 (the "record date"), it issued hundreds of millions of new shares of common stock in connection with the conversion of convertible debt previously issued by Calissio.  (*Id.* ¶ 18.)  These new shares totaled approximately four times the number of shares outstanding as of the record date of June 30th.  (*Id.*)  Because the new shares (which totaled approximately 80% of all Calissio shares available) were issued after the record date, they were not eligible for the dividends attached to the previous shares.  (*Id.* ¶ 17.)

DTCC assessed and paid due bills on all shares of Calissio stock that transacted between June 30 and August 19, none of which were eligible for dividends.  (*Id.* ¶ 10.)  This resulted in a massive error that took money belonging to others out of their accounts and paid it into the accounts of Calissio and other shareholders who were not entitled to it.[3]

---

[3] Not only did DTCC pay dividends on the shares that were not dividend-eligible because they were issued after the June 30th record date, but a large portion of this money went to Calissio because of Calissio's stock repurchase program. Essentially, Calissio defrauded the market by discreetly issuing shares of Calissio stock that were not dividend-eligible and then buying back those shares, knowing that DTCC's normal course of action is to collect due bill payments from companies and pay the funds to the current holders of the shares for all shares in its

A significant portion of those credits were funded by debits wrongly charged against COR Clearing's accounts. On August 20 and 21, 2015, DTCC debited COR Clearing for approximately $4.0 million relating to these erroneous due bills assessed on the shares sold by COR Clearing's customers.

Relevant here, the error resulted in stockholders of Calissio receiving due bills to which the stockholders had no entitlement. While payment of some of these dividends were delayed by some broker-dealers, such as E-Trade, after concern was expressed about the fraudulent scheme, ultimately, they were paid and the money improperly deducted from COR Clearing's account is now in the account of Calissio shareholders, including shareholder's that actively post on InvestorHub.com's Calissio board.

### B. The Issued Subpoena And The Parties Subsequent Discussions

In order to obtain the identities of those who were unjustly enriched by the fraud, as well as those who may have aided in promoting the fraudulent scheme, on December 17, 2015, COR Clearing served the subpoena on InvestorHub.com. On or about December 31, 2015, InvestorHub.com served COR Clearing with objections to the subpoena (a copy of which are attached hereto as **Exhibit D**). Among other things, InvestorHub.com objected to the breadth of the subpoena,

---

system without verifying whether the shares or the recipients were actually eligible for the dividend payments that would have justified the due bills.

which originally sought, among other things, the identification of those individuals who were actively posting on InvestorHub.com's Calissio message board during the period when the purported fraud occurred.  Following discussion between the parties, COR Clearing substantially narrowed its requests by identifying a discrete list of posters, each of whom were identified because each had posted one or more messages that evidenced they were unjustly enriched by Calissio's fraudulent scheme (that is, they are one of the Calissio stockholders who received dividend payments to which they were not entitled) or actively promoted the scheme.  *See* **Exhibit E** (a copy of COR Clearing's email to InvestorHub.com identifying a discrete list of particular posters).  This list of posters (with some modifications) is now attached as **Exhibit A** and it is only the identification and pertinent account information for these individuals that COR Clearing seeks by virtue of this Motion.

The individuals listed on **Exhibit A** have all posted one or more messages on InvestorHub.com's Calissio message board which evidences that they were the recipient of Calissio dividends during the pertinent period and, in a few instances, may have been actual promoters of the fraudulent scheme.  By way of example:

> porty posted:  "This fraud paid me a hefty dividend.  I wish all stock frauds were like this."
>
> BONESPUR posted:  "What?  Mansion?  I have every intention of retiring after todays windfall.  If you keep replying, I will own Uzbekistan.  Go CRGP"

>J-Bo posted: "Finally…Etrade released the hold on my dividend!!!!!!"
>
>mtorruiso posted: "My divi is now available for withdrawal!!!! Yippie!!!"
>
>misiu143 posted: "Actually I had 44,000.00 doll dividend."
>
>DiamondFire posted: "…woooooo I got my dividend! Thank you Etrade et. al. this was a long mess ! Very happy this morning….and of course financially thankful. Congrats to all others who wake up to an early Christmas today! wooooooooooooooooooooo!"
>
>denny-usa posted: "Finally 67k withheld from hold! Happy moments ☺"
>
>SHEEPWOLF posted, in pertinent part: "**$CRGP:** divvy sounds good. This board is filled with mythical explanations of why the mines, the company, the executives, etc. don't exist. Lol I've already received one 500% dividend of over $20k from these unicorns."
>
>Mr. Clutch posted: "Right…my $44k dividend was pretty nice. Good luck, friend… $CRPG"

These posts, as well as sample posts from each of the other individuals identified in **Exhibit A**, are attached hereto as **Exhibit F**.

In addition to mere Calissio stock owners, who were unjustly enriched by the fraud, a handful of the individuals listed in **Exhibit A** may have been active participants in the fraud, as they appear to have been active promotors of Calissio, even after the fraud came to light and default was entered against Calissio in COR Clearing's lawsuit (in September 2015). caseyryan1986, for example, posted in December 2015:

> Its ok everything will work out for the loyal longs, we have supplied facts and some people choose not to believe, but *we know whats going on behind closed doors*. In time this ticker, Adam Carter and shareholders will get the final laugh. *I know whats coming and its great!*

See **Exhibit F** at p. 59 (emphasis added).

Similarly, stock king5508 posted in November 2015:

> Mines in operation, merger coming, great investment here. Everyone should hold for gold!!!! CRGP will come alive and amaze us all. Just like they did when they paid out the divvy. Great decision to decline to go in court. Imo. These guys know what there doing!!!

See **Exhibit F** at p. 58.

Other individuals who were actively promoting the stock include PinkPantherStocks, who in June 2015 and July 2015, was constantly advising those on the board to "BUY CRGP AND GET RICH" and that "BIG NEWS" was coming and BERKSHIRE AGENT, who in August 2015, was actively touting the stock as "HUGELY undervalued" and suggesting that it would "be the biggest gainer of the month." See **Exhibit F** at pp. 34-52 (a small sample of PinkPantherStocks posts) and *id.* at 53-57 (a small sample of BERKSHIRE AGENT posts).

### III. INVESTORHUB.COM SHOULD BE COMPELLED TO IDENTIFY THOSE INDIVIDUALS AND ENTITIES LISTED IN EXHIBIT A

The information COR Clearing seeks through the Subpoena is highly relevant. It seeks to identify Calissio stockholders who were unjustly enriched by

Calissio's fraudulent scheme. It further seeks to identify individuals who may have conspired with Calissio and Adam Carter in perpetrating the fraud. While InvestorHub.com originally objected that the subpoena was overbroad, COR Clearing responded by narrowing its request. By this Motion, COR Clearing seeks only identification and pertinent account information for those posters listed on **Exhibit A**, all of whom have been identified as having posted one or more messages suggesting that they were, in fact, a recipient of the dividends that are at the heart of the underlying litigation. In a few instances, the posters may have actually also been complicit in promoting the fraud. Thus, what is being sought by this Motion is narrow and it is directly tied to the core of the underlying litigation—COR Clearing's efforts to recover funds that were improperly debited from its account and ultimately paid to Calissio shareholders who were not entitled to such funds.

While InvestorHub.com has also objected that COR Clearing has not met the higher standards that courts employ when being asked to unmask anonymous speakers whose First Amendment rights are at issue, this objection is without merit and the cases upon which InvestorHub.com relies are readily distinguishable. In *Doe v. 2TheMart.com, Inc.* 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2006), upon which InvestorHub.com relies, the Court recognized that the right to speak anonymously is protected by the First Amendment and, in light of this, courts

consider a number of factors in determining whether to require a subpoenaed party to identify anonymous posters, including whether the subpoena was issued in good faith and not for improper purpose, whether the information sought relates to a core claim or defense, whether the identifying information is directly and materially relevant to that claim or defense, and whether information sufficient to establish or to disprove that claim or defense is available from other sources. The underlying litigation in *2TheMart.com* was a shareholder derivative suit that alleged fraud on the market; the defendant company in the underlying litigation asserted, among other things, that it was the Internet postings—not its conduct—that caused its stock price to drop. *Id.* In quashing the subpoena, the *2TheMart.com* Court found, among other things, that the identity of the anonymous posters was not relevant to the causation defense, as it was what was said in the posts (a matter of public record), not the identity of the anonymous posters, that would have impacted the stock price. *Id.* at 1097.

In this case, by contrast, COR Clearing is seeking to recover funds that were unlawfully debited to its account and unjustly paid to Calissio shareholders (including those who posted on InvestorHub.com). While COR Clearing's Complaint focuses on the fraud perpetrated by Calissio and Adam Carter, these entities disappeared once their fraud came to light. It is thus becoming increasingly clear that if COR Clearing wants to be made whole, it will need to

rely upon the unjust enrichment claim in its Complaint and will need to trace where the funds wrongfully withdrawn from its accounts ultimately ended up. Here, COR Clearing served the Subpoena in good faith and for a proper purpose— to identify of shareholders who improperly received Calissio dividends— information that is directly and materially relevant to its unjust enrichment claim. As noted in the above examples, the poster who uses the alias BONESPUR spoke of his or her plans for "retiring" after receipt of the Calissio dividend windfall, misiu143 and Mr. Clutch both claim to have received $44,000.00 in dividend payments, and denny-usa claims to have received $67,000.00 in dividends. *See* **Exhibit F** at pp. 8-9, 11 & 23.  If COR Clearing is to recover the money unjustly paid to Calissio shareholders, it must be able to identify these and other shareholders.  Accordingly, the identities of these individuals (and others listed in **Exhibit A**) is central to COR Clearing's unjust enrichment claims.

InvestorHub.com further argues in its objections that the identification of those who improperly received the dividend is available from other sources.  More specifically, it argues that COR Clearing has already received from the DTCC the complete list of its sixty-seven member firms that transacted dividend-related debits and/or credits during the relevant period and reasons that COR Clearing could therefore get the pertinent account information by subpoenaing all sixty-seven member firms.  While COR Clearing has, in fact, issued subpoenas to many

of the member firms (focusing on those with the greatest due bill activity) and has, in fact, filed actions to enforce compliance with some of these subpoenas, it is not economically feasible to serve and seek to enforce 67 different subpoenas. Unfortunately, this is not information that can be readily and easily obtained from an alternative source and COR Clearing is left with no choice but to use multiple avenues in an attempt to identify those that most benefited from the fraud.  Further, even if one can piece together some of those who were unjustly enriched via subpoenas to broker-dealers, these subpoena responses will not aid in identifying those who may have been active participants in the fraudulent scheme through their public promotion of Calissio.

Finally, while InvestorHub.com objects to the Subpoena based on InvestorHub.com's privacy policy, this objection is without merit as InvestorHub.com cannot thwart its obligations to produce documents responsive to a lawfully issued subpoena by virtue of company policy.  Likewise, though InvestorHub.com cites certain federal and state law protecting certain information in its objections, it does not contend (nor could it) that providing the information sought by this Motion would violate any statute.

In sum, this Motion seeks a limited and discrete set of information that is at the heart of COR Clearing's unjust enrichment claim—namely, the identities of certain individuals who were unjustly enriched by Calissio's fraudulent scheme.

Whatever interest the persons listed in **Exhibit A** may have in posting anonymously about Calissio and the windfalls they have received as a result of Calissio's scheme is vastly outweighed by COR Clearing's compelling need to identify those who were unjustly enriched at COR Clearing's expense. Accordingly, COR Clearing respectfully requests that the Court grant its Motion.

**IV.   CONCLUSION**

For the foregoing reasons, COR Clearing respectfully requests that the Court issue an order compelling InvestorHub.com to produce documents identifying the individuals, and pertinent contact information for, the posters whose aliases are identified in **Exhibit A**, award COR Clearing its fees incurred in pursuing this Motion, and award such further relief as to which COR Clearing might be entitled.

Dated:  April 15, 2016                    Respectfully submitted,

/s/ *D. Ty Jackson*_____
D. Ty Jackson (Fla. Bar No. 41216)
GrayRobinson, P.A.
301 S. Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
Facsimile: 850-577-3311
ty.jackson@gray-robinson.com

and

Michael T. Hilgers*
Andrew R. Graben
**HILGERS GRABEN PLLC**
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402.218.2106
Facsimile: 877.437.5755
mhilgers@goberhilgers.com
agraben@goberhilgers.com

Not Admitted in Florida; Admitted in Jurisdiction Where Subpoena Was Issued

**ATTORNEYS FOR PLAINTIFF COR CLEARING, LLC**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of April, 2016, a true and correct copy of the foregoing has been furnished by electronic mail to the following addressees:

Susan Tillotson Bunch
THOMAS & LoCICERO PL
Florida Bar No.: 869562
601 South Boulevard
P.O. Box 2602
Tampa, FL 33606
Primary: sbunch@tlolawfirm.com
Secondary: abeene@tlolawfirm.com
Attorneys for InvestorsHub.com, Inc.

Gail E. Boliver
BOLIVER LAW FIRM
2414 South 2nd Street
Marshalltown, IA 50158
Email: boliver@boliverlaw.com
Attorney for Signature Stock Transfer, Inc.

*/s/ D. Ty Jackson*
D. Ty Jackson