# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**COR CLEARING, LLC, a
Delaware limited liability company,**

    Applicant,

VS.                                     Case No. 4:16mc13-RH/CAS

**INVESTORSHUB.COM, INC.,**
a Florida corporation,

    Respondent.

_____/

## O R D E R

Applicant COR Clearing, LLC (COR) has filed a motion to compel production of documents. ECF No. 1. The motion concerns compliance with a Rule 45 subpoena to InvestorsHub.com, Inc. (IHub). *Id.* IHub has not produced any documents in response to the subpoena (as narrowed by Exhibit A). *See* ECF No. 1 at 8; ECF No. 1-1. IHub argues that the First Amendment protects the right to speak anonymously and that COR has not met its burden in seeking to compel identification of the anonymous posters. ECF No. 7.

IHub owns and hosts an Internet website "that serves as a forum for hundreds of thousands of members to discuss insights, information and opinions related to a variety of investment-related topics, including publicly-traded companies, using a discussion platform that includes tens of thousands of electronic message boards ("Boards")." ECF No. 7 at 2-3. "The Website and Boards are accessible to the public and operate as a true marketplace of ideas." *Id.* at 3. "Users can post comments on the Boards and read and respond to comments posted by others and may communicate anonymously under user or screen names." *Id.*

COR seeks to discover 35 entities[1] who allegedly wrongfully received dividends as evidenced by certain postings made on IHub's "Calissio message board" during the time of the purported fraud. ECF No. 1 at 8. COR contends that the postings on IHub demonstrate those entities "were unjustly enriched by Calissio's fraudulent scheme." *Id.* at 2, 8-9.[2] COR contends it should be provided "information regarding the identities of

---

[1] Those entities specified in Exhibit A are: porty; SHEEPWOLF; McBain; Zombies; jbwofford; Joshua329; misiu143; Mr Clutch; Shakey88; BONESPUR; Ccaptain; freebies; lubberboy; BEANPOLE; Jugas; mtorruiso; drum3171; johnet; sutter silver; skyflight; EXASOIL; denny_usa; Homebrew; Lufrance; DiamondFire; J-Bo; 50chuck; harmanepa; supermandwc; allstocks1; frogsinspace; PinkPantherStocks*; BERKSHIRE AGENT*; stock; king5508*; caseyryan1986*. ECF No. 1-1.

[2] Copies of the posts are filed as Exhibit F (ECF No. 1-8)

Case No. 4:16mc13-RH/CAS

certain posters . . . who appear to have been active promotors of the fraud perpetuated by Calissio." *Id.* at 4.  COR argues that if it "is to recover the money unjustly paid to Calissio shareholders, it must be able to identify these and other shareholders." ECF No. 1 at 13.  Thus, COR argues the information is relevant, *id.* at 5-10, that IHub's First Amendment objection is without merit, *id.* at 10-13, and that its need to identify persons "unjustly enriched by Calissio's fraudulent scheme" vastly outweighs the First Amendment privacy interests of those identified in Exhibit A.  *Id.* at 14-15.

    IHub is not a party to the underlying litigation which is pending before the United States District Court for the District of Nebraska, case number 8:15cv317-LED-FGS.  ECF No. 1 at 1.  That litigation was filed by COR against Calissio Resources Group, Inc., its President Adam Carter, its transfer agent Signature Stock Transfer, Inc., and "Does 1-50."  ECF No. 1, Ex. C (ECF No. 1-3).  COR alleges that Defendants defrauded COR of over four million dollars through the payment of shareholder dividends to shareholders not entitled to receive the dividends.  *Id.*  COR asserts claims for unjust enrichment and fraud, seeking declaratory judgment, restitution, punitive damages, and costs.  *Id.*  Although "Does 1-50" are named as Defendants in the caption of the complaint, *see* ECF No. 1, Exhibit C, no

factual allegations provide specific facts demonstrating wrong-doing by any Doe Defendants.  ECF No. 1, Ex. C (ECF No. 1-3).  Indeed, the complaint is devoid of any statements explaining the identities of the "Does 1-50."  *Id.*  The complaint alleges that Calissio, Carter, and Transfer Agent conspired together in a closed conspiracy.[3]  See ¶21 of the complaint (Ex. C).  IHub points out that not only has COR not alleged claims against the Doe Defendants, but specifically argued in reply to a motion for appointment of a receiver in the underlying litigation that "COR Clearing does not assert any claims against Calissio shareholders."  ECF No. 7, EX B.  (ECF No. 7-2 at 6).

COR's subpoena was served on December 17, 2015, and required responsive documents be produced by January 8, 2016.  ECF No. 1-2.  IHub served its objections to the subpoena on December 31, 2015, raising the arguments now presented in response to the motion to compel.  ECF No. 1-6.  The objections are properly considered.

IHub argues that it has a qualified privilege to not disclose the identities of the posters under the First Amendment.  ECF No. 7 at 8.

---

[3] The complaint alleged that "Calissio, Carter, and Transfer Agent kept this issuance silent, notifying no one outside their inner circle of conspirators."  ECF No. 1, Ex. C at 5.

Case No. 4:16mc13-RH/CAS

There exists a First Amendment right to anonymous speech. <u>Talley v. California</u>, 362 U.S. 60, 80 S. Ct. 536, 4 L. Ed. 2d 559 (1960) (noting the important role anonymous publications have had through history in striking a Los Angeles City ordinance as unconstitutional because it barred the distribution of anonymous handbills); <u>McIntyre v. Ohio Elections Comm'n</u>, 514 U.S. 334, 115 S. Ct. 1511, 131 L. Ed. 2d 426 (1995) (invalidating Ohio statute that prohibited the distribution of anonymous campaign literature as violating the First Amendment); <u>Rich v. City of Jacksonville</u>, No. 3:09-CV-454-J-34MCR, 2010 WL 4403095, at *9 (M.D. Fla. Mar. 31, 2010) (relying on <u>McIntyre</u> to find plaintiff's First Amendment rights were violated when subpoena was issued to determine identity of anonymous "blogger"). This right applies to Internet speech as well. <u>Reno v. Am. Civil Liberties Union</u>, 521 U.S. 844, 870, 117 S. Ct. 2329, 2344, 138 L. Ed. 2d 874 (1997).

> This dynamic, multifaceted category of communication includes not only traditional print and news services, but also audio, video, and still images, as well as interactive, real-time dialogue. Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox. Through the use of Web pages, mail exploders, and newsgroups, the same individual can become a pamphleteer.

<u>Reno</u>, 521 U.S. at 870, 117 S. Ct. at 2344.

Case No. 4:16mc13-RH/CAS

The First Amendment, however, may not protect all anonymous speech as McIntyre suggests that "anonymous speech is not protected when the speech constitutes fraud, which a state may punish." White v. Baker, 696 F. Supp. 2d 1289, 1303-04 (N.D. Ga. 2010). The Court in McIntyre stated:

> Anonymity is a shield from the tyranny of the majority. It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular; to protect unpopular individuals from retaliation—and their ideas from suppression—at the hand of an intolerant society. *The right to remain anonymous may be abused when it shields fraudulent conduct.* But political speech by its nature will sometimes have unpalatable consequences, and in general, our society accords greater weight to the value of free speech than to the dangers of its misuse.

514 U.S. at 357, 115 S.Ct. 1511 (emphasis added). The distinction here is that the identities of posters is sought for a civil lawsuit, to which the posters are not parties. This is not relevant to a criminal investigation of suspected fraud.

IHub argues that stripping the anonymity of persons who post on its message boards raises serious constitutional concerns and would have a significant chilling effect on Internet communications. *Id.* at 9-10. Because of the importance of the First Amendment rights in this context, IHub contends COR "must make a substantial legal and factual showing

Case No. 4:16mc13-RH/CAS

supporting a meritorious claim" before unmasking an anonymous Internet speaker. *Id.* at 10-11. IHub points to two cases which provide guidelines for evaluating whether anonymous posters on Internet message boards should be identified through civil discovery: <u>Doe v. Cahill</u>, 884 A.2d 451 (Del. 2005) ("Cahill"), and <u>Dendrite Int'l, Inc. v. Doe No. 3</u>, 342 N.J. Super. 134, 140-41, 775 A.2d 756, 760 (N.J. App. Div. 2001) ("Dendrite").[4]

<u>Dendrite</u>, a defamation action, set forth the following requirements: (1) plaintiff must first notify anonymous posters they are the subject of a subpoena; (2) identify the statements made by each anonymous poster; (3) evaluate whether plaintiff has established a prima facie cause of action; (4) balance the "defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." 775 A.2d 760-61.[5] In that case, the content of the

---

[4] The issue in <u>Dendrite</u> was the "posting of certain comments about Dendrite on a Yahoo! bulletin board by defendant, John Doe No. 3," which formed the basis of the corporation's defamation action. 775 A.2d at 760. The motion seeking to identify John Doe No. 3 was denied because "Dendrite failed to establish harm resulting from John Doe No. 3's statements as an element of its defamation claim." *Id.*

[5] Notably, the postings at issue in <u>Dendrite</u> were made on Yahoo! The court noted that "Yahoo! guarantees to a certain extent that information about the identity of their individual subscribers will be kept confidential." *Id.* at 762. IHub provides no information about its privacy policy.

Case No. 4:16mc13-RH/CAS

speech was, itself, the basis for the cause of action. Here, the content of the online speech is alleged to be evidence that the anonymous posters received dividends to which they were not entitled, but no cause of action has been alleged against them.

Cahill was also a defamation action brought by Cahill against John Doe No. 1 for statements made on an Internet blog under the alias "Proud Citizen" concerning Cahill's performance as City Councilman. 884 A.2d at 454. "Seeking to serve process on Doe, Cahill sought to compel the disclosure of his identity from a third party that had the information." *Id.* The Supreme Court of Delaware adopted a modified version of the Dendrite "summary judgment" standard for "courts to apply when faced with a public figure plaintiff's discovery request that seeks to unmask the identity of an anonymous defendant who has posted allegedly defamatory material on the internet." *Id.* at 457, 460. Concerned with the importance of First Amendment rights and that losing anonymity would intimidate anonymous posters, the court concluded that a "plaintiff must make

reasonable efforts to notify the defendant and must satisfy the summary judgment standard." *Id.* at 461.[6]

Under either of these tests, COR faces an important obstacle: there is no clear cause of action pled against the anonymous posters on IHub's message board. COR does not seek the identification of persons who have committed a wrong against it and are now being sued. In the context of unmasking an anonymous speaker, "a court must conduct a preliminary screening to ensure that there is a viable claim that justifies overriding an asserted right to anonymity." Solers, Inc. v. Doe,[7] 977 A.2d 941, 951-52 (D.C. 2009) (formulating a framework in the context of a defamation action "to fairly accommodate the reputational interests of the plaintiff and the First Amendment rights of the anonymous defendant."). Regardless of

---

[6] The court concluded that the second and fourth requirements of the Dendrite analysis were "subsumed in the summary judgment inquiry." Cahill, 884 A.2d at 461.

[7] The test ultimately adopted in Solers is a modified version of the Cahill test: Before identifying an "anonymous defendant, the court should: (1) ensure that the plaintiff has adequately pleaded the elements of the defamation claim, (2) require reasonable efforts to notify the anonymous defendant that the complaint has been filed and the subpoena has been served, (3) delay further action for a reasonable time to allow the defendant an opportunity to file a motion to quash, (4) require the plaintiff to proffer evidence creating a genuine issue of material fact on each element of the claim that is within its control, and (5) determine that the information sought is important to enable the plaintiff to proceed with his lawsuit." Solers, 977 A.2d at 954 (eliminating the "separate balancing test at the end of the analysis" and the requirement that plaintiff must have first "exhausted alternative sources for learning the information").

whether courts have used a "summary judgment" type standard or a "motion to dismiss" type standard in balancing the interests at stake when seeking to identify anonymous speakers, an underlying cause of action is an essential requirement.  See Krinsky v. Doe 6, 159 Cal. App. 4th 1154, 1159, 72 Cal. Rptr. 3d 231, 234-35 (Cal. Ct. App. 2008); Columbia Ins. Co. v. Seescandy.Com, 185 F.R.D. 573, 578 (N.D. Cal. 1999); Doe v. 2TheMart.com Inc., 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001).  COR has not demonstrated that it currently has pending any claims against the anonymous posters.

"People are permitted to interact pseudonymously and anonymously with each other so long as those acts are not in violation of the law." Seescandy.com, 185 F.R.D. at 578.  None of the postings made by entities identified in COR's Exhibit A are alleged to be unlawful.  Instead, COR contends that the postings merely demonstrate the entities have been unjustly enriched and that identifying those persons would permit COR to bring suit.  Such suit is allegedly necessary because Calissio and its President, Adam Carter, have "disappeared once their fraud came to light." ECF No. 1 at 12.  COR argues that it is "becoming increasingly clear that if COR Clearing wants to be made whole, it will need to rely upon the unjust

Case No. 4:16mc13-RH/CAS

enrichment claim in its Complaint and will need to trace where the funds wrongfully withdrawn from its accounts ultimately ended up." *Id.* at 12-13. The defect in that argument is that COR's complaint does not state a claim for unjust enrichment against the John Doe Defendants, notwithstanding including Does 1-50 as Defendants in the caption.  There are no allegations supporting a claim against those Defendants.

The First Amendment right implicated here is not inconsequential, nor is the amount of monetary loss allegedly suffered by COR. Notwithstanding, the disclosure of entities who have made postings on IHub cannot be permitted because those postings are not sufficiently related to the wrongful actions of Defendants Calissio, Adam Carter, and Signature Stock Transfer as alleged in the underlying civil case.  The motion to compel is denied.

Accordingly, it is **ORDERED** that the motion to compel, ECF No. 1, is **DENIED**.

**DONE AND ORDERED** on May 11, 2016.

s/   Charles A. Stampelos

Case No. 4:16mc13-RH/CAS

**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**